(LOCAL LAW.)

## M'Iver's Lessee v. Walker et al.

If there is nothing in a patent to control the *call* for course and distance, the land must be bounded by the courses and distances of the patent, according to the magnetic meridian. But it is a general principle, that the course and distance must yield to natural objects *called for* in the patent.

All lands are supposed to be actually surveyed, and the intention of the grant is to convey the land according to the actual survey;

consequently, distances must be lengthened or shortened, and courses varied, so as to conform to the natural objects *called for*.

If a patent refer to a plat annexed, and if in that plat, a water course be laid down as running through the land, the tract must be so surveyed as to include the water course, and to conform as nearly as may be to the plat, although the lines, thus run, do not correspond with the courses and distances mentioned in the patent; and although neither the certificate of survey nor the patent *calls for* that water course.

1819.

M'Iver
v.
Walker.

ERROR to the Circuit Court for the District of East Tennesee. This was an ejectment brought in that Court by the plaintiff in error against the defendants. Upon the first trial of the cause, a judgment was rendered in the Circuit Court in favour of the defendants, and upon that judgment a writ of error was taken out, and the judgment reversed by this Court, at February Term, 1815; and the cause was sent back to be tried according to certain directions prescribed by this Court.

As the opinion given by this Court upon the reversal of the first judgment contains a statement of the facts given in evidence upon the first trial, it is deemed proper to insert the opinion in this place. It is as follows: On the trial of this cause, the plaintiff produced two patents for 5,000 acres each, from the State of North Carolina, granting to Stokely Donelson, (from whom the plaintiff derived his title,) two several tracts of land lying on Crow creek, the one No. 12. beginning at a box elder standing on a ridge corner to No. 11. &c. *as, by the plat hereunto annexed will appear.* The plat and certificate of survey were annexed to the grant. The plaintiff proved that there were eleven other grants of the same date

*Feb. 9th.*
*1815.*

for 5,000 acres each, issued from the State of North Carolina, designated as a chain of surveys joining each other from No. 1. to No. 11. inclusive, each calling for land on Crow creek as a general call, and the courses and distances of which, as described in the grants, are the same with the grants produced to the jury. It was also proved that the beginning of the first grant was marked and intended as the beginning corner of No. 1. but no other tree was marked, nor was any survey ever made, but the plat was made out at Raleigh, and does not express on its face that the lines were run by the true meridian. It was also proved that the beginning corner of No. 1. stood on the north west side of Crow creek, and the line running thence down the creek, called for in the plat and patent, is south forty degrees west. It further appeared that Crow creek runs through a valley of good land, which is on an average about three miles wide, between mountains unfit for cultivation, and which extends from the beginning of survey No. 1. in the said chain of surveys, until it reaches below survey No. 13. in nearly a straight line, the course of which is nearly south thirty-five degrees west by the needle, and south forty degrees west by the true meridian, that in the face of the plats annexed to the grants, the creek is represented as running through and across each grant. The lines in the certificate of survey do not expressly call for crossing the creek; but each certificate and grant calls generally for land lying on Crow creek. If the lines of the tracts herein before mentioned, No. 12. and 18. in the said chain of surveys, be run according to the course of

1819.

M'Iver
v.
Walker.

the needle and the distances called for, they will not include Crow creek, or any part of it, and will not include the land in possession of the defendants. If they be run according to the true meridian, or so as to include Crow creek, they will include the lands in possession of the defendants. Whereupon, the counsel for the plaintiffs moved the Court to instruct the jury, 1st. That the lines of the said lands ought to be run according to the true meridian, and not according to the needle. 2d. That the lines ought to be run so as to include Crow creek and the lands in possession of the defendants.

The Court overruled both these motions, and instructed the jury that the said grant must be run according to the course of the needle and the distances called for in the said grants, and that the same could not legally be run so as to include Crow creek, and that the said grants did not include the lands in possession of the defendants. To this opinion an exception was taken by the plaintiff's counsel. A verdict and judgment were rendered for the defendants, and that judgment is now before this Court on a writ of error.

It is undoubtedly the practice of surveyors, and the practice was proved in this cause, to express in their plats and certificates of survey, the courses which are designated by the needle; and if nothing exists to control the call for course and distance, the land must be bounded by the courses and distances of the patent, according to the magnetic meridian. But it is a general principle, that the course and distance must yield to natural objects called for in the patent. All lands are supposed to be actually sur-

1819.

M'Iver
v.
Walker.

veyed, and the intention of the grant is to convey the land according to that actual survey; consequently, if marked trees and marked corners be found, conformably to the calls of the patent, or if water courses be called for in the patent, or mountains, or any other natural objects, distances must be lengthened or shortened, and courses varied so as to conform to those objects. The reason of the rule is, that it is the intention of the grant to convey the land actually surveyed, and mistakes in courses or distances are more probable, and more frequent, than in marked trees, mountains, rivers, or other natural objects capable of being clearly designated, and accurately described. Had the survey in this case been actually made, and the lines had called to cross Crow creek, the courses and distances might have been precisely what they are, it might have been impracticable to find corner, or other marked trees, and yet the land must have been so surveyed as to include Crow creek. The call in the lines of the patent to cross Crow creek, would be one to which course and distance must necessarily yield. This material call is omitted, and from its omission arises the great difficulty of the cause. That the lands should not be described as lying on both sides of Crow creek, nor the lines call for crossing that creek, are such extraordinary omissions as to create considerable doubt with the Court in deciding whether there is any other description given in the patent, of sufficient strength to control the call for course and distance. The majority of the Court is of opinion, that there is such a description. The

1819.

M'Iver
v.
Walker.

patent closes its description of the land granted by a reference to the plat which is annexed. The laws of the State require this annexation. In this plat thus annexed to the patent, and thus referred to as descri- bing the land granted, Crow creek is laid down as passing through the tract. Every person having knowledge of the grant, would also have knowledge of the plat, and would by that plat be instructed, that the lands lay on both sides the creek. There would be nothing to lead to a different conclusion but a diffe- rence of about five degrees in the course, should he run out the whole chain of surveys in order to find the beginning of No. 12.; and he would know that such an error in the course would be corrected by such a great natural object as a creek laid down by the surveyor in the middle of his plat. This would prove, notwithstanding the error in the course, that the lands on both sides of Crow creek were intended to be included in the survey, and intended to be grant- ed by the patent.

It is the opinion of the majority of this Court, that there is error in the opinion of the Circuit Court for the district of East Tennesee, in this, that the said Court instructed the jury that the grant under which the plaintiff claimed, could not be legally run so as to include Crow creek; instead of directing the jury that the said grant must be so run as to include Crow creek, and to conform as near as may be to the plat annexed to the said grant; wherefore, it it is considered by this Court that the said judgment be reversed and annulled, and the cause be remanded

1819.

M'Iver
v.
Walker.

to the said Circuit Court, that a new trial may be had according to law.[a]

Upon this cause being remanded to the Circuit Court for a new trial, the plaintiff gave in substance the same evidence which he gave upon the first trial, and proved, or offered to prove, these additional facts —That it was the *express* and declared intention of the surveyor to locate the land upon Crow creek— That his field notes called for crossing Crow creek, and that he supposed the courses inserted in the grants would place the lands upon Crow creek. Upon the former trial it was proved, and admitted by the parties, that the beginning of lot No. 1. was marked as a corner, but that no survey had ever been made of that lot or of the lots of land in dispute. Upon the last trial the witness gave the same testimony, and further, stated that a corner was marked for the beginning of lot No. 1. That the compass was set at this corner, and a chain or two might have been stretched upon the first course of the grant; but of this he was not certain. During the last trial various objections were made by the defendants to the testimony offered by the plaintiff; especially to that which tended to prove that it was the intention of the surveyor to locate the land upon Crow creek, and that his field notes called for crossing Crow creek. These objections were sustained by the Court, and the testimony declared inadmissable.

Upon the evidence given in the cause, various instructions were prayed by the plaintiff, all of which the Court refused to give; but charged the jury that

[a] S. C. 9 *Cranch*, 173.

if, from the testimony then adduced, they should find
that M'Coy, the deputy surveyor, when he went
upon the ground to survey the land, did mark the be-
ginning corner of lot No. 1. upon two poplars, and
set his compass a given course, and that the chain
carriers stretched one or two chains upon that course,
and that M'Coy made his field notes in conformity
thereto, and that those field notes were transmitted
to James W. Lachey, the surveyor, who made out the
plats annexed to the grants, and that he made out the
said plats in conformity with the said field notes, and
that he marked down Crow creek by guess upon the
plats, that this was so much of a legal and actual
survey, as to show that the surveyor committed no
mistake in what he did upon the ground, notwith-
standing it might not be according to what he wished
or intended in his own mind; and, in that case, the
lessor of the plaintiff would be barred by the courses
and distances called for in the grant.

Under this instruction of the Court, a verdict was
found for the defendants, and judgment rendered ac-
cordingly, upon which the cause was again brought to
this Court by writ of error.

This cause was argued at the last term, by Mr.
*Swann* and Mr. *Campbell*, for the plaintiff in error,
and by Mr. *Williams*, for the defendants in error, and
was re-argued at the present term, by Mr. *Swann*
for the plaintiffs in-error, and by Mr. *Jones* and Mr.
*Williams*, for the defendants in error.

Mr. Chief Justice MARSHALL delivered the opi-
nion of the Court.

1819.

M'Iver
v.
Walker.

*March* 1st.

*March* 11th.

1819.

M'Iver
v.
Walker.

The Court has re-examined the opinion which it gave, when this cause was formerly before it, and has not perceived any reason for changing that opinion. Nor do the new facts introduced into the cause, in any material degree, vary it. If there had been a settled course of decisions in Tennessee upon their local laws, different from the judgment pronounced by this Court, we should not hesitate to follow those decisions. But, upon an examination of the cases cited at the bar, we do not perceive that such is the fact. The judgment of the Circuit Court is, therefore, reversed, and the cause remanded for farther proceedings.

JUDGMENT.—This cause came on to be heard on the transcript of the record, and was argued by counsel. On consideration whereof, it is the opinion of this Court, that the Circuit Court erred in the instructions given to the jury: it is, therefore, Adjudged and Ordered, that the judgment of the Circuit Court for the District of East Tennessee, in this cause, be, and the same is, hereby reversed and annulled. And it is further ordered, that the said cause be remanded to the said Circuit Court for farther proceedings to be had therein, according to law.